IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31003
Conference Calendar
_____

CONRAD RICHARD,

Plaintiff-Appellant,

versus

NEW ORLEANS POLICE DEPARTMENT;
CHARLES C. FOTI, JR., Sheriff;
FELICIANA FORENSIC FACILITY;
HARRY F. CONNICK, District Attorney's Office,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-3768-F
--------------------
April 11, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Conrad Richard seeks to appeal the district court's dismissal as frivolous of his 42 U.S.C. § 1983 civil rights lawsuit. His brief is primarily devoted to a recitation of Louisiana law regarding concursus proceedings, summary-judgment standards, management of class-action cases, writs of mandamus and habeas corpus, and other laws inapplicable to his case. However, he also asserts, for the first time on appeal, that New

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Orleans police officers sprayed him with pepper spray and took him to Charity Hospital, where he was denied medical treatment, and that he was beaten four times while he was in jail.

Richard did not raise these allegations in the district court, and this court will not consider them. See Shanks v. AlliedSignal, Inc., 169 F.3d 988, 993 n.6 (5th Cir. 1999); Burch v. Coca-Cola, 119 F.3d 305, 319 (5th Cir. 1997). Richard has abandoned the claims he raised in the district court by failing to brief them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)(arguments not briefed on appeal are deemed abandoned). His appeal is without arguable merit, is frivolous, and is therefore DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. Richard's motion for the appointment of counsel is DENIED.

Both the district court's dismissal of Richard's complaint and this court's dismissal of the instant appeal count as "strikes" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Richard is CAUTIONED that if he accumulates a third "strike" under 28 U.S.C. § 1915(g), he will not be able to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

APPEAL DISMISSED; MOTION DENIED; SANCTIONS WARNING ISSUED.